**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SUNDIP PATEL,** | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No. 5:21-cv-135** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **MERIDIAN SECURITY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT**
**MERIDIAN SECURITY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant MERIDIAN SECURITY INSURANCE COMPANY ("MERIDIAN") respectfully invokes the Court's federal diversity jurisdiction under 28 U.S.C. §1332 and hereby serves notice of its removal of this case from the 45th Judicial District Court of Bexar County, Texas, under 28 U.S.C. §1441 and §1446. Complete diversity of citizenship exists between the Plaintiff and all Defendants properly joined, and the amount in controversy exceeds $75,000 exclusive of interest and costs. For purposes of federal diversity jurisdiction, MERIDIAN is not a citizen of the State of Texas and may thus permissibly remove this case to federal court.

**I.**
**NATURE OF THE SUIT**

1.      This is a civil lawsuit in which the Plaintiff seeks to recover monetary damages from MERIDIAN as a result of a disputed insurance claim.  Plaintiff contends he is entitled to certain disputed insurance benefits under a property and casualty policy issued by MERIDIAN. Plaintiff contends MERIDIAN has allegedly breached the insurance contract, breached its duty of good faith and fair dealing, and violated certain provisions of Chapters 541 and 542 of the

Texas Insurance Code.

## II.
## PROCEDURAL BACKGROUND

2.      On January 21, 2021, Plaintiff sued MERIDIAN by filing Plaintiff's Original Petition in the 45th Judicial District Court of Bexar County, Texas, bearing Cause No. 2021-CI-00465, and styled _Sundip Patel v. Meridian Insurance Company_ ("the State Court Action").  See Plaintiff's Original Petition filed herewith as Exhibit A.

3.      On January 25, 2021, MERIDIAN'S registered agent for receipt of service of legal process, CSC, was served with the Plaintiff's Original Petition in the State Court Action.

## III.
## TIMELINESS OF THE REMOVAL

4.      In compliance with 28 U.S.C. §1446(b)(1), this Notice of Removal is being filed within thirty (30) days of service on MERIDIAN'S registered agent of the Plaintiffs' Original Petition in the State Court Action.

5.      Furthermore, this removal is being filed within one year of the date that the State Court Action was instituted as required under 28 U.S.C. § 1446(c)(1).  This Notice of Removal therefore is timely in all respects.

## IV.
## VENUE

6.      Venue is proper in this Court under 28 U.S.C. § 1446(a) because this district and division encompass the venue where the State Court Action is pending, i.e., Bexar County, Texas.  See Plaintiff's Original Petition filed herewith as Exhibit A.

7.      Venue also is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the State Court Action allegedly occurred in Bexar County, Texas, a county within this federal district and division.  See

Plaintiff's Original Petition filed herewith as Exhibit A at paragraphs 6 and 8. The insured property for which the disputed insurance claim was submitted is in Bexar County, Texas.  See Plaintiff's Original Petition filed herewith as Exhibit A at paragraph 8.

### V.
### JURISDICTIONAL BASIS FOR REMOVAL

8.      This Court may properly exercise its diversity jurisdiction under 28 U.S.C. §1332, as this is a civil action where there is complete diversity of citizenship between all parties who are properly joined, and the matter in controversy exceeds $75,000, exclusive of interest and costs.  See Plaintiff's Original Petition filed herewith as Exhibit A at paragraph 4.

9.      The State Court Action may properly be removed under 28 U.S.C. § 1441(b)(2), as MERIDIAN is not a citizen of the State of Texas.

10.      MERIDIAN is the only Defendant in this action.

### A.
### Amount In Controversy Exceeds $75,000

11.      Because this case initially was filed in a Texas state court, Rule 47 of the Texas Rules of Civil Procedure requires a plaintiff to state the amount of monetary relief it seeks.  See TEX.R.CIV.P. 47(c).  In its Original Petition, the Plaintiff affirmatively states that "*Plaintiff currently seeks monetary relief over $200,000 but not more than $1,000,000.*"  See Plaintiff's Original Petition filed herewith as Exhibit A at paragraph 4.  Therefore, the amount in controversy is sufficient to invoke the Court's diversity jurisdiction.

### B.
### Diversity of Citizenship of All Parties Properly Joined

### 1.
### Citizenship of the Plaintiff

12.      Plaintiff, an individual, is a citizen of the State of Texas residing in Bexar County,

Texas, at 13806 Bluffrock, San Antonio, Texas 78216.

**2.**
**Citizenship of the Defendant**
**Defendant Meridian Security Insurance Company**

13.     MERIDIAN is a foreign corporation incorporated under the laws of the State of Indiana with its principal place of business in Columbus, Ohio. Hence, MERIDIAN is completely diverse as to the Plaintiff.

**VI.**
**ADDITIONAL DOCUMENTS FILED**
**IN SUPPORT OF THE REMOVAL**

14.     Pursuant to 28 U.S.C. § 1446(a), the following materials are being filed with this Notice of Removal:

- Form JS-44, Civil Cover Sheet

- Exhibit A, the pleadings and process served in the State Court Action: Plaintiff's Original Petition, including a copy of the service of citation served on MERIDIAN.

15.     Pursuant to 28 U.S.C. § 1446(d), MERIDIAN will provide prompt written notice to the Plaintiff of the filing of this Notice of Removal and will file a notice with the Clerk of the 45th Judicial District Court of Bexar County, Texas, where the State Court Action was filed.

**VII.**
**CONCLUSION AND PRAYER**

16.     Complete diversity of citizenship is present between the Plaintiff and the Defendant.  In addition, the Plaintiff's pleadings establish that the amount in controversy clearly exceeds $75,000, exclusive of interest and costs.  Furthermore, this removal is timely in all respects.  This honorable Court therefore may properly exercise its federal diversity jurisdiction under 28 U.S.C. §1332.

17.     Defendant MERIDIAN SECURITY INSURANCE COMPANY therefore

respectfully prays that the Court entertain its federal diversity jurisdiction over this matter.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/   *Christopher W. Martin*
       Christopher W. Martin
       (Attorney-in-Charge)
       E-Mail: martin@mdjwlaw.com
       Texas Bar No.: 13057620

808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:    (713) 222-0101

**ATTORNEYS FOR DEFENDANT MERIDIAN
SECURITY INSURANCE COMPANY**

**CO-COUNSEL TO DEFENDANT
MERIDIAN SECURITY INSURANCE COMPANY:**

P. Wayne Pickering
E-mail: pickering@mdjwlaw.com
Texas Bar No. 15975030
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:    (713) 222-0101

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of February, 2021, a true copy of this document was electronically filed via the CM/ECF system and that all counsel of record designated to receive electronic service of all instruments filed herein were served on this date, per the mandatory electronic filing rules.

/s/  *P. Wayne Pickering*

P. Wayne Pickering

Maria Gerguis
Richard D. Daly
DALY & BLACK, P.C.
3311 Norfolk Street, Suite 800
Houston, Texas 77098