# EXHIBIT "A"



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 22635217**
**Date Processed: 01/27/2021**

| | |
|---|---|
| **Primary Contact:** | Samantha Smith<br>State Auto Financial Corporation<br>4239 Wilton Pl<br>Columbus, OH 43227-3662 |
| **Electronic copy provided to:** | Susan Barrett<br>Emilee Hanson<br>Melissa Hairston<br>Claim Service Dept<br>Steve Vance |
| **Entity:** | Meridian Security Insurance Company<br>Entity ID Number  3047567 |
| **Entity Served:** | Meridian Security Insurance Company |
| **Title of Action:** | Sundip Patel vs. Meridian Security Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, TX |
| **Case/Reference No:** | 2021CI00465 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/25/2021 |
| **Answer or Appearance Due:** | 10:00 a.m. on the Monday next following the expiration of 20 days after the date of service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Maria Gerguis<br>713-655-1405 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

Case Number: 2021-CI-00465

**SUNDIP PATEL**

**vs.**

**MERIDIAN SECURITY INSURANCE COMPANY**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:** MERIDIAN SECURITY INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 EAST 7TH STREET 620
ASTIN TX 78701-3218

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said ORIGINAL PETITION was filed on the 8th day of January, 2021.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 21ST DAY OF January A.D., 2021.

MARIA GERGUIS
ATTORNEY FOR PLAINTIFF
2211 NORFOLK ST 800
HOUSTON, TX 77098



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Laura Castillo*, Deputy

---

SUNDIP PATEL
vs
MERIDIAN SECURITY INSURANCE COMPANY

**Officer's Return**

Case Number: 2021-CI-00465
Court: 45th Judicial District Court

Came to hand on the 21st day of January 2021, A.D., at 11:52 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by deilvering to: _____ at 211 EAST 7TH STREET 620 ASTIN TX 78701-3218 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION .

Cause of failure to execute this Citation is _____.

Mary Angie Garcia
Clerk of the District Courts of
Bexar County, TX
By: *Laura Castillo*, Deputy

ORIGINAL (DK003)

FILED
1/8/2021 4:26 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Consuelo Gomez

**2021CI00465**

CAUSE NO._____

| | | |
|---|---|---|
| SUNDIP PATEL, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | BEXAR COUNTY, TEXAS |
| MERIDIAN SECURITY INSURANCE COMPANY, | § § § | **45TH** |
| Defendant. | § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Sundip Patel ("Dr. Patel"), Plaintiff herein, files this Original Petition against Defendant Meridian Security Insurance Company ("Meridian") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Sundip Patel is a Texas resident who resides in Bexar County, Texas.

2. Meridian is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

### II.
### DISCOVERY

3. This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $250,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6. Venue is proper in Bexar County because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Bexar County.

## V.
## FACTUAL BACKGROUND

7. Dr. Patel is a named insured under a property insurance policy issued by Meridian.

8. On or about May 27, 2020 a storm hit the San Antonio, TX area, damaging Dr. Patel's house and other property. Dr. Patel subsequently filed a claim on his insurance policy.

9. Defendant improperly denied and/or underpaid the claim.

10. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11. This unreasonable investigation led to the underpayment of Plaintiff's claim.

12. Moreover, Meridian performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.   Breach of Contract**

14. Meridian had a contract of insurance with Plaintiff. Meridian breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.   Prompt Payment of Claims Statute**

15. The failure of Meridian to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.   Bad Faith**

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated Section 541.051 of the Texas Insurance Code by:

   (1)   making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated Section 541.060 by:

   (1)   misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   (2)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

21. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld and, if appraisal is invoked, the cost of appraisal. *See Ortiz v. State Farm Lloyds,* 589 S.W.3d 127 (Tex. 2019), *reh'g denied.*

21. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

D.  **Attorneys' Fees**

22. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

23. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

24. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

25. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sundip Patel prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Dr. Patel be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Dr. Patel may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ *Maria Gerguis*
    Maria Gerguis
    TBA No. 24090355
    mgerguis@dalyblack.com
    Richard D. Daly
    TBA No. 00796429
    rdaly@dalyblack.com
    ecfs@dalyblack.com
    2211 Norfolk St., Suite 800
    Houston, Texas 77098
    713.655.1405—Telephone
    713.655.1587—Fax

    **ATTORNEYS FOR PLAINTIFF**
    **SUNDIP PATEL**







U.S. POSTAGE >> PITNEY BOWES

ZIP 78204 $ 007.05
02 4W
0000350844 JAN. 21. 2021

7020 1290 0002 1672 4081

**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

RETURN SERVICE REQUESTED

AMERICAN SECURITY INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 EAST 7TH STREET 620
ASTIN, TX  78701-3218

2021CI00465   1/21/2021   CITCM   LAURA CASTILLO

78701$3218 C015